

222 Bruce Reynold Blvd. Suite 490
Fort Lee, NJ 07024
Telephone: (718) 573-1111

August 11, 2023

<u>VIA ECF</u>

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/14/2023

Honorable Valerie E. Caproni
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

  **Re: Kim et al v. Let's Meat Inc et al, 22-cv-10481**

Dear Judge Caproni,

  This firm represents Plaintiffs Katie Kim and Miguelina Ortega in the above-referenced matter. As the court is aware, Plaintiffs and Defendants have agreed to settle the lawsuit.

  In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945). However, employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); Reyes v. Altamarea Group, 2011 U.S. Dist. LEXIS 115984, de Munecas v. Bold Food, LLC, 2010 U.S. Dist. LEXIS 87644, Guaman v. Ajna-Bar NYC, 2013 U.S. Dist. LEXIS 16206 quoting Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).

  "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." Gurung, 226 F. Supp. 3d at 229-30. "A court evaluating attorneys' fees in an FLSA settlement may use either the 'lodestar' method or the 'percentage of the fund' method, but should be guided in any event by factors including: '(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations.'" Cionca v. Interactive Realty, LLC, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *2 (S.D.N.Y. June 10, 2016) (citation omitted).

1

The plaintiffs' claim for unpaid minimum wage amount was a total of $6,836.35 and the unpaid overtime wage amount was a total of $13,156.89 excluding the liquidated damage and penalties under NYLL. Including liquidated damage and statutory penalties under NYLL, the total amount plaintiffs are entitled to be $49,986.49 plus attorney's fees and costs. The total settlement amount of $50,000.00 was reached largely based on defendants' ability to pay during the mediation. The plaintiffs have accepted less money than the claims they are owed while the defendants, who have denied liability, have agreed to pay the plaintiffs more than they believe is due under the law. Both have agreed to settle as a result of reasonable strategic and financial considerations.

Two-thirds of the $50,000.00 will be allocated to Plaintiffs and one-third of the settlement amount will be allocated to Plaintiffs' counsel. Plaintiffs' counsel Ryan Kim's declaration and billing details are attached to this letter as Exhibit A.

The total cost of this case is $462.00 including the filing fee and special process service charge. Plaintiffs are liable to pay the cost of the litigation. After deduction of the expense, Plaintiffs will be paid in the following manners.

| Plaintiff | Unpaid Min Wage | Unpaid OT Wage | Total | Percentage | Will be paid |
|---|---|---|---|---|---|
| Katie Kim | $2,611.20 | $1,498.70 | $4,109.90 | 20.56 % | $6,757.18 |
| Miguelina Ortega | $4,225.15 | $11,658.19 | $15,883.34 | 79.44 % | $26,114.15 |
| Total | $6,836.35 | $13,156.89 | $19,993.24 | 100.00 % | $32,871.33 |

Plaintiffs respectfully request that this Court enter an order directing Defendants to deliver their payment to Plaintiffs' counsel within 7 days of the Court's approval of this agreement.

The parties respectfully submit that the settlement is fair and reasonable and should be approved. Plaintiffs ask this Court to adjudicate the parties' joint motion for approval of the settlement as soon as possible.

For the foregoing reasons, Plaintiffs request this Court to approve parties' settlement agreement.

Respectfully,

                                              s/ Ryan J. Kim
                                              Ryan J. Kim

Cc: Diane Lee, Esq. (via electronic mail)

---

The agreement is hereby approved as fair and reasonable pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  The Court hereby retains jurisdiction over the enforcement of the settlement agreement.  This matter is dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate all motions and deadlines and to close this case.

SO ORDERED.

*[signature: Valerie Caproni]*                                      08/14/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE